UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REGINALD MITCHELL, JR., ) <br> SHEIMIAH TOWNSEND, JR., ) <br> JOHN JONES, III, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> METROPOLITAN SCHOOL DISTRICT OF ) <br> LAWRENCE TOWNSHIP, ) <br> CONCETTA RAIMONDI, ) <br> THOMAS OESTREICH, ) <br> DESMOIN COOKSEY, ) <br>  ) <br> Defendants. ) | Case No. 1:14-cv-00509-TWP-TAB |

**ENTRY ON MOTION FOR EXTENSION OF TIME
PURSUANT TO RULE 6(b)(1)**

This matter is before the Court on a Motion for Extension of Time Pursuant to Federal Rule of Civil Procedure 6(b)(1)[1] filed by Plaintiffs Reginald Mitchell, Jr., Sheimiah Townsend, Jr., and John Jones, III. ([Filing No. 8](#)). Plaintiffs filed this motion in response to Defendants' Answer in which Defendants assert the statute of limitations as an affirmative defense. Plaintiffs ask the Court to extend the time in which they had to file their cause of action. For the reasons set forth below, Plaintiffs' motion must be **DENIED**.

This case arises from an incident in which Defendant Desmoin Cooksey allegedly assaulted Plaintiff Reginald Mitchell, Jr. Plaintiffs filed a complaint for damages in the Marion Superior Court on February 12, 2014, and the case was removed to this Court on April 3, 2014. The

---

[1] Plaintiffs assert that they are bringing this motion under Federal Rule of Civil Procedure 6(b)(2); however, the rule applicable to motions for extensions of time is found under Rule 6(b)(1). Accordingly, the Court considers this motion under the correct rule.

Complaint alleges that the incident giving rise to this action occurred on February 15, 2012; however, Defendants allege that the incident occurred on February 10, 2012. A two-year statute of limitations is applicable to this action under Ind. Code § 34-11-2-4, meaning that if Defendants are correct with respect to the date of the incident, the Plaintiffs' Complaint was filed two days after the running of the statute of limitations. Plaintiffs request that the Court permit them an extension of time based upon excusable neglect under Rule 6(b)(1).

Rule 6(b)(1)(B) provides that "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." However, this rule does not apply to the extension of statutes of limitations, and the Seventh Circuit has explicitly stated that "district judges lack authority to extend statutory periods of limitations." *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 972 (7th Cir. 2011). The statute of limitations is an affirmative defense which "confers rights on putative defendants; judges cannot deprive those persons of entitlements under a statute." *Id.*; *see also Hill v. Caratachea*, No. 12 C 5702, 2013 WL 3233465, at *2 (N.D. Ill. June 26, 2013) (action filed one day late dismissed as time-barred). In the event Defendants do raise the statute of limitations in a dispositive motion, Plaintiffs will have the opportunity to make arguments as to why estoppel or tolling should be applied, or any other explanation as to why the application of the statute of limitations would otherwise be inequitable. *Lee*, 635 F.3d at 972 ("A litigant is entitled to equitable tolling if 'he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" (quoting *Holland v. Florida*, 560 U.S. 631, 648 (2010)). However, a motion under Rule 6(b)(1) is not the proper mechanism for that purpose. Therefore, Plaintiffs' Motion for Extension of Time ([Filing No. 8](Filing No. 8)) is **DENIED**.

SO ORDERED.

Date: 2/25/2015

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Tara Y. Melton
meltonlawgroupllc@gmail.com

Karen G. Sharp
LEWIS & KAPPES PC
ksharp@lewis-kappes.com

John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
jmervilde@meilsattorney.com

Rick D. Meils
MEILS THOMPSON DIETZ & BERISH
rmeils@meilsattorney.com